United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2005

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-30484
Summary Calendar

BERGERON MARINE SERVICE, INC.; ET AL.,

Plaintiffs,

GULF COAST DOCKSIDE, INC.; ALBANY INSURANCE CO.; AMERICAN
EMPLOYERS' INSURANCE CO.; FIREMANS FUND INSURANCE CO.;
RELIANCE INSURANCE CO.; ROYAL INSURANCE COMPANY OF AMERICA;
COMMERCIAL UNION INSURANCE GROUP; GENERAL COLOGNE RE,

Plaintiffs-Appellants,

versus

FEMCO MACHINE COMPANY, INC.,

Defendant-Appellee.

MICHELLE CAMPO, ETC.; ET AL.,

Plaintiffs,

versus

FEMCO MACHINE COMPANY, INC.; ET AL.,

Defendants,

FEMCO MACHINE COMPANY, INC.,

Defendant-Appellee,

versus

GULF COAST DOCKSIDE, INC.,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
(2:00-CV-3436-M)
(2:00-CV-2327-M)

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

Gulf Coast Dockside, Inc., and its partially subrogated insurers (collectively Gulf Coast) appeal from a jury verdict finding Gulf Coast solely responsible for the incident underlying this action. Gulf Coast bases reversible error on the jury instructions.

On 22 November 1999, a "Docksider" crane engaged in Gulf Coast's stevedoring operations collapsed and fell into the industrial canal adjacent to Gulf Coast's facilities in New Orleans, Louisiana. Approximately 17 months earlier, Gulf Coast had bought the crane from Femco Machine Co., which had refurbished the crane and resold it as fully rebuilt and reconditioned.

Through this action for redhibition against Femco, Gulf Coast seeks return of the crane's purchase price. Gulf Coast asserts: at the time of sale, the crane contained non-apparent defects in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the load-bearing component of the crane's base; and these defects caused, in whole or in part, the collapse.

At the jury trial, Femco asserted that the crane's collapse was due partly to Gulf Coast's routine overloading of the crane beyond its load limit and partly by the "shock loading" of the crane caused by an inexperienced crane operator, who, on his very first load, dropped a bucket of barite and then tried to catch it in mid-air before it hit the ground. (This incident immediately preceded the collapse of the crane.) Gulf Coast admits that the crane operator contributed to the collapse.

The district court instructed the jury that, if it found both parties partially at fault, it was to apportion the percentage of responsibility between the two parties. The jury returned a verdict finding Gulf Coast solely at fault. The district court entered judgment on 12 April 2004, dismissing Gulf Coast's claim with prejudice.

Gulf Coast contends the district court committed reversible error by giving jury instructions which failed to instruct jurors clearly as to the principles of law applicable to the factual issues of the case. A challeged jury instructions is reviewed under a two-prong standard:

> *First*, the challenger must demonstrate that the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations. *Second, even if the jury instructions were erroneous*, we will *not* reverse if we determine, based

upon the entire record, that the challenged instruction could *not* have affected the outcome of the case.

***Pelt v. U.S. Bank Trust Nat. Ass'n***, 359 F.3d 764, 767 (5th Cir. 2004) (emphasis added; citing ***Johnson v. Sawyer***, 120 F.3d 1307, 1315 (5th Cir. 1997)).  As discussed below, we need not reach the second prong.

Gulf Coast bases reversible error on the following instruction, which provided, *inter alia*, that:

> Thus, for Gulf Coast Dockside to prevail, you must find it is more likely than not that the accident was caused by a defective crane and that no intervening circumstances caused the accident.
>
> ....
>
> Femco is exempted from the warranty of redhibition if you find that Gulf Coast Dockside abused, neglected, improperly used or maintained the crane and that this mis-use or neglect was the proximate cause of the accident.  Femco has the burden of proving that this mis-use was an intervening proximate cause of the accident.

Gulf Coast contends:  this instructs the jury to find for Femco if it finds overloading the crane the day of the accident an "intervening proximate cause" or "intervening circumstance", even if it also found that pre-existing defects in the crane also caused the accident; and this potentially created confusion among the jurors because it conflicts with the court's other instructions to apportion fault between the parties if the jury finds both at fault.

4

Pursuant to the above-described two-prong standard of review, we must first determine whether "the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations". *Pelt*, 359 F.3d at 767. The paragraph immediately following the challenged instruction states, *inter alia*:

> It is your role as jurors to determine what caused this accident. Gulf Coast Dockside asserts that the crane was defective. Femco asserts that the crane was routinely overloaded and misused, and was being misused at the time of the accident. You may find that one of these alleged causes was the exclusive cause of the accident or you may find that the accident was caused by a combination of these or other factors. *If you find that the accident was caused in part by a defect existing in the crane at the time of sale and in part by overloading or misuse of the crane by Gulf Coast Dockside, then you should apportion or divide responsibility for the resulting damages between both parties in accordance with the degree or percentage to which you find that each cause contributed to the accident.*

(Emphasis added.) A similar instruction is contained earlier in the instructions. Moreover, the verdict form gave the jury three options: (1) to find for Gulf Coast; (2) to find for Femco; or (3) to find that both Gulf Coast and Femco were responsible by assigning percentages to their respective contributing fault.

Although it is possible a jury could mis-construe the instruction, any confusion was remedied by the court's twice instructing the jury to assign a percentage of fault to each party

5

if it found both parties at fault.  Furthermore, as discussed, apportioning fault was one of three options provided the jury by the verdict form.  Therefore, we cannot say "the charge as a whole creates substantial and ineradicable doubt [that] the jury [was] properly guided in its deliberations".  *Pelt*, 359 F.3d at 767.

*AFFIRMED*

6